W. A. LOFTON, for plaintiff in error.

JAMES C. BOWER, by Z. D. HARRISON, for defendant.

---

WADSWORTH, WILLIAMS & COMPANY, plaintiffs in error, *vs.* JEREMIAH F. DUKE, defendant in error.

WADSWORTH, WILLIAMS & COMPANY, plaintiffs in error, *vs.* JAMES DUKE, defendant in error.

1. One engaged in selling and delivering wood to the proprietor of a mill at so much per cord, is not an employee of the proprietor, so as to put him in the situation of one who takes the risk upon himself of negligence in those running the mill.

2. The verdict in neither of these cases is contrary to the evidence, or so excessive as to require the Court to interfere.

Master and servant. Damages. New trial. Before Judge HARVEY. Floyd Superior Court. July Adjourned Term, 1872.

These two cases, involving the same questions, were argued and decided together.

Jeremiah F. Duke brought case against Wadsworth, Williams & Company for $3,000 00 damages. He alleged in his declaration that defendants were the owners of a certain steam boiler engine and other machinery, and were using and running the same in connection with a flouring mill in the city of Rome; that they neglected the proper care and inspection of said machinery and allowed it to become unsafe, and were negligent and careless in the management of the same, by reason whereof the boiler exploded and injured and damaged the plaintiff.

James Duke claimed $2,000 00 damages, alleged to have

been sustained by the loss of the services of Jeremiah F. Duke, his son, who was a minor; and also for injuries inflicted on two horses and a wagon, the property of plaintiff. The averments as to the negligence, etc., of the defendants were the same as in the case first above stated.

The defendants pleaded not guilty.

The evidence showed that James Duke had contracted to sell cord wood to defendants, and to deliver the same at their mill in Rome; that Jeremiah F. Duke, his son, a boy of about sixteen years of age, was at the mill with a load of said wood at the time of the explosion of defendant's boiler, and was very seriously injured; that he suffered intense pain from the scalding he received and lost much time; that he was making $3 00 per day, "clear," hauling wood; that a mare hitched to the wagon and the wagon itself were both damaged; that James Duke was old and decrepit and unable to do any work.

The jury found for Jeremiah F. Duke, $1,000 00, and for James Duke, $500 00.

The defendants moved for a new trial in said cases because the verdicts were contrary to the law and the evidence, and excessive in amount. The motions were overruled and defendants excepted.

ALEXANDER & WRIGHT, for plaintiffs in error.

WRIGHT & FEATHERSTON, for defendants.

McCAY, Judge.

1. It would be pushing the idea of master and servant very far to say that the plaintiff in this case was in the service of the defendant, or that he stood in any relation analagous. We have taken some pains to search after cases, and we have not found one where the relation has been held to arise in a case like this. The cases are, many of them, collected in Shearman & Redfield, and in all of them the relation of employer and employee, in its ordinary sense, existed. The plaintiff here, was, by his own servant—his son—delivering wood to the de-

Wadsworth, Williams & Company *vs.* Duke.

fendants by the load or cord—selling it, just as he might have been bringing him and selling to him butter, meat, corn, or any other article of trade; and he stood towards the defendants precisely as any other man stood who, in consequence of his business wants, had occasion to visit the mill.

2. As to the amount of the verdict, we do not think the jury have so far exceeded the limit as to show passion or prejudice. The permanent injury to the young man may not be very great, though, from the testimony of the physician, one cannot but feel that the effect of this accident may, at any time, prove very serious, whilst the pain and terror already suffered are, in themselves, no small matter. At first, we were rather dubious whether the verdict for the father could be so well defended; but, on further consideration, we think it may. The loss of his horse, the injury to the wagon, the loss of the son's service while laid up, and the expense of taking care of him and of the horse, are not all his injury. If the doctor is right, the son may, at any time, be again prostrate from the effect of his injury, and new loss and new expense come to the father. Upon the whole, we do not feel authorized to say the verdict is excessive. Upon the general question, whilst we have no idea, as we suppose the jury had none, that the defendants were not as much astonished and shocked by this explosion as anybody else, yet that is not a complete reply to the plaintiff's action. Good faith and good intentions—the absence of willful neglect, does not excuse from damages a man who puts the lives and the limbs of the community in danger by setting up in its midst a dangerous machine. To say the least of it, he is bound to have his machine up to the highest point of the art, and to have it managed by a skillful man, and one acquainted with the nature of it, and the character of the dangers attaching to the use of it. Though there is some conflict in the evidence, yet, it seems to us that the defendants have not brought themselves within this rule. It was not the act of very prudent men to set up in the community such a boiler, and have it in such charge. We cannot feel that the evidence of want of due

care is so weak as to justify a Court in saying that the jury could not fairly have found for the plaintiffs. True, Mr. Stewart is not shown to be a boiler maker, but he has had some experience, and we cannot feel that the jury were not justified in considering the defendants in fault for not heeding his warnings.

Judgment affirmed.